

Robert Garson
20801 Biscayne Blvd., Suite 506
Aventura, FL 33180
E: rg@gs2law.com
P: +1.305-780-5212

May 21, 2025

**VIA ECF**
Honorable Evelyn Padin
United States District Judge
United States District Court
District of New Jersey
50 Walnut Street
Newark, NJ 07102

**Re:** <u>Taibbi v. Kamlager-Dove - Civil Action No.: 2:25-Cv-02275-EP-LDW –
Letter In Response To Court's Order Dated May 21, 2025</u>

Dear Judge Padin,

Plaintiff Matthew Taibbi, through undersigned counsel, submits this letter pursuant to the Court's Order dated May 21, 2025 (D.E. 11), to clarify which pleading was served on counsel for Defendant Sydney Kamlager-Dove on April 10, 2025, in response to the Affidavit of Service filed on April 22, 2025 (D.E. 10).

The Affidavit of Service (D.E. 10) avers that a copy of the Summons and Complaint was served on Defendant's counsel, Brooks M. Hanner, at the Office of General Counsel, U.S. House of Representatives, on April 10, 2025. To clarify, the pleading served was the Amended Complaint, filed on April 8, 2025 (D.E. 8), and not the original Complaint (D.E. 1). This is evidenced by the letter dated April 10, 2025, sent via email to Mr. Hanner, which lists the "Amended Complaint" among the documents attached for service, alongside the Summons and Waiver of Service. A copy of this letter and its enclosures is attached as Exhibit A (Taibbi v. Kamlager-Dove - Bundle - 4-10-25).

Plaintiff respectfully requests that the Court note this clarification on the docket. Should the Court require additional information or documentation, please contact the undersigned.

Respectfully submitted,

Robert Garson

*Counsel for Plaintiff Matthew Taibbi*
*(Admitted Pro Hac Vice)*

Encl/s

**Certificate of Service**

I hereby certify that on May 21, 2025, a true and correct copy of the foregoing Letter was filed electronically via CM/ECF, which will send notification to all counsel of record.

/s/ Michael Steinmetz
Michael Steinmetz

Michael Steinmetz
Email: ms@gs2law.com
164 W25th St, 11R
New York, NY 10001

Brooks M. Hanner
Office of General Counsel
U.S. House of Representatives
5140 O'Neil House Office Building
Washington, DC 20515

April 10, 2025

**VIA EMAIL (Brooks.Hanner@mail.house.gov)**

Re: Our Client, Plaintiff, Matthew Taibbi v Sydney Kamlager-Dove
<u>District of New Jersey, Civil Action No. 2:25-CV-02275-EP-LDW</u>

Dear Mr. Hanner,

Further to our prior correspondence, we represent the interests of, and are instructed by, Matthew Taibbi. Attached are the following documents in the above-referenced action:

a) Waiver of Service for Sydney Kamlager-Dove;
b) Summons;
c) Amended Complaint;

Please return the executed waiver of service. Should you wish to speak about this or any other matter, feel free to email to arrange a suitable time.

Yours sincerely,

*/s/ Michael Steinmetz*


Encl/s

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
## for the District of New Jersey

MATTHEW TAIBBI,  
_____  
*Plaintiff*  
v.  
SYDNEY KAMLAGER-DOVE,  
_____  
*Defendant*

)  
)  
)  
) Civil Action No.   2:25-cv-02275-EP-LDW  
)  
)

## WAIVER OF THE SERVICE OF SUMMONS

To: __Michael Steinmetz_____  
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____  
*Signature of the attorney or unrepresented party*

_____  
*Printed name of party waiving service of summons*

_____  
*Printed name*

_____  
*Address*

_____  
*E-mail address*

_____  
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**MATTHEW TAIBBI,**
*Plaintiff*

V.         SUMMONS IN A CIVIL CASE

**SYDNEY KAMLAGER-DOVE,**
*Defendant*

CASE NUMBER: **2:25-CV-02275-EP-LDW**

TO: *(Name and address of Defendant):*

Sydney Kamlager-Dove
c/o Brooks M. Hanner
Office of General Counsel
U.S. House of Representatives
5140 O'Neil House Office Building
Washington, DC 20515

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) –– or 60 days if you are the United States or a United States Agency, or an office or employee of the United States described in Fed. R. civ. P. 12 (a)(2) or (3) –– you must serve on the plaintiff an answer to the attached complaint or a motion under rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Michael Steinmetz Esq.
Garson, Segal, Steinmetz, Fladgate LLP
164 West 25th St. 11R
New York, NY 10001

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

/s Melissa E. Rhoads
**Clerk of Court**



ISSUED ON **2025-04-07 09:56:23**, Clerk USDC NJD

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me(1) | DATE |
|---|---|
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____
_____; or

☐ Left the summons at the individual's residence or usual place of abode with (name): _____ a person of suitable age and discretion who resides there, on (date):_____ and mailed a copy to the individual's last known address; or

☐ Name of person with whom the summons and complaint were left: _____; or

☐ Returned unexecuted: _____
_____
_____; or

☐ Other (specify):
_____
_____
_____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on    _____    _____
                        *Date*                              *Signature of Server*

                                          _____
                                                    *Address of Server*

Michael Steinmetz, Esq.
**Garson, Ségal, Steinmetz, Fladgate LLP**
164 West 25th Street, Suite 11 R
New York, NY 10001
Phone: (212) 380-3623
Fax: (347) 537-4540
ms@gs2law.com

*Pro Hac Vice* application filed for:
Robert Garson, Esq.
**GS2Law PLLC**
20801 Biscayne Blvd, Ste 506
Miami, FL 33180
Phone: (305) 780-5212
rg@gs2law.com
Attorneys for Matthew Taibbi

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**NEWARK DIVISION**

MATTHEW TAIBBI,

    Plaintiff,                                              Civil Action No.: 2:25-cv-02275-EP-LDW

  v.                                                                            **AMENDED COMPLAINT FOR LIBEL**
                                                                                                                                     **With Demand for Jury Trial**

SYDNEY KAMLAGER-DOVE,

    Defendant.

_____x

Plaintiff, Matthew Taibbi ("Plaintiff" or "Taibbi"), by and through his attorney of record, alleges upon knowledge as to himself and his own actions and allege upon information and belief as to all other matters as follows:

**INTRODUCTION**

1. Plaintiff brings this action against Defendant Sydney Kamlager-Dove ("Defendant" or "Kamlager-Dove") for libel arising from false statement made during a congressional hearing in Washington, D.C., which became actionable defamatory statements as they were republished by Defendant

on April 1, 2025, and republished by Defendant on the social media sites X and BlueSky, and on her official congressional website on the same date.

2. Defendant, a United States Representative for California's 37th Congressional District, falsely accused Plaintiff, an award-winning journalist, bestselling author, and public figure domiciled in New Jersey, of being a "serial sexual harasser" during a televised hearing, at which Plaintiff had been invited to testify.

3. Defendant then reposted a video of her statements on X at 12:04 PM on April 1, 2025 (https://x.com/i/status/1907074669712191910) as shown below:



4. Defendant also posted the video on the social media site BlueSky at 12:42 PM (https://bsky.app/profile/repkamlagerdove.bsky.social/post/3llrcwyxzmk2t) as shown below:



5.  Defendant also posted a transcript of her statement on her official website [https://kamlager-dove.house.gov/media/in-the-news/kamlager-dove-holds-first-hearing-top-democrat-house-foreign-affairs-subcommitte](https://kamlager-dove.house.gov/media/in-the-news/kamlager-dove-holds-first-hearing-top-democrat-house-foreign-affairs-subcommitte) together with a link to the video, amplifying the defamation to Plaintiff's home state and beyond, as shown below:



6.  These statements are demonstrably false and were made with actual malice—either with knowledge of their falsity or with reckless disregard for their truth—as required under New Jersey and federal law for a public figure such as Plaintiff.

7. The allegations echo prior false claims that have been the subject of legal action and multiple public corrections, of which Defendant was undoubtedly aware, evidencing her actual malice.

8. The republications on X, BlueSky and Defendant's website, made outside the scope of her legislative duties, are not protected by the Speech and Debate Clause and are thus actionable.

9. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief, to redress the severe harm to his reputation and livelihood.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties—Plaintiff is domiciled in New Jersey, and Defendant is domiciled in California—and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Plaintiff resides in New Jersey, and a substantial part of the harm caused by Defendant's defamatory statements—namely, damage to Plaintiff's reputation and economic interests—occurred in this judicial district, where Plaintiff is domiciled and conducts his professional activities.

12. Venue is also proper under 28 U.S.C. § 1391(b)(2) as Defendant's republication of the statements on X, BlueSky, and her official website caused them to be disseminated and accessed in this district.

## PARTIES

13. Plaintiff Matthew Taibbi is an individual domiciled in New Jersey. He is a prominent journalist, author, and commentator known for his investigative reporting, winner of the National Magazine

Award and author of four New York Times bestsellers, and contributions to publications such as Rolling Stone and his newsletter, Racket News.

14. As a widely recognized figure in journalism and public discourse, Plaintiff is a public figure for purposes of defamation law.

15. Defendant Sydney Kamlager-Dove is an individual domiciled in California and a member of the United States House of Representatives, representing California's 37th Congressional District.

16. At all times relevant to this complaint, Defendant conducted official duties in Washington, D.C., and published statements accessible in New Jersey.

## FACTUAL ALLEGATIONS

17. On April 1, 2025, Defendant, as Ranking Member of the South and Central Asia Subcommittee of the House Foreign Affairs Committee, participated in a hearing titled "Censorship Allegations Involving the State Department's Former Global Engagement Center" in Washington, D.C.

18. Plaintiff was one of three witnesses invited to testify regarding his reporting on government censorship and related First Amendment issues.

19. At the outset of the hearing, Defendant addressed Republican Chairman Bill Huizenga and stated: "I look forward to working with the chair on the critical issues we are charged with overseeing. Unfortunately, we are not having a hearing about any of those issues. Instead… To distract from the dumpster fire this administration is pursuing, [the majority is] elevating a serial sexual harasser as their star witness." This statement referred directly to Plaintiff.

20. Defendant then requested unanimous consent to enter two articles into the congressional record: a Chicago Reader article titled "Twenty years ago, in Moscow, Matt Taibbi was a misogynist asshole—and possibly worse" (available at https://chicagoreader.com/blogs/twenty-

years-ago-in-moscow-matt-taibbi-was-a-misogynistasshole-and-possibly-worse/), and a Washington Post article titled "The two expat bros who terrorized women correspondents in Moscow" (https://www.washingtonpost.com/outlook/the-two-expat-bros-who-terrorized-womencorrespondents-in-moscow/2017/12/15/91ff338c-ca3c-11e7-8321-481fd63f174d_story.html)

21. The hearing was televised and widely disseminated, including via a YouTube video (https://youtu.be/ODo2-5DytdA?si=QkvcPlxw8ysQdrG ).

22. Defendant then decided not only to repost the video of her statements by way of X at 12:04 PM on April 1, 2025 (https://x.com/i/status/1907074669712191910) but also chose to comment on Plaintiff's decision to focus on the subject matter of the hearing rather than making himself the story.

23. Forty minutes later, at 12:42 PM on April 1, 2025, she reposted the video on BlueSky (https://bsky.app/profile/repkamlagerdove.bsky.social/post/3llrcwyxzmk2t).

24. Defendant further republished her remarks on her official congressional website https://kamlager-dove.house.gov/media/in-the-news/kamlager-dove-holds-first-hearing-top-democrat-house-foreign-affairs-subcommittee on the same date, as making them accessible to Plaintiff's community and professional network in New Jersey.

25. This reposting under the "Media" and "In The News" sections of her website, were by its own admission a newsletter or a press release. Defendant's republications on X and her website, occurring outside the scope of her legislative duties, are not protected by the Speech and Debate Clause of the U.S. Constitution (Art. I, § 6, cl. 1), which shields only statements made in the course

of legislative activity, not subsequent public dissemination for political or personal purposes (see *Hutchinson v. Proxmire*, 443 U.S. 111 (1979)).

26. These republications are therefore actionable under New Jersey law.

27. Defendant's accusation that Plaintiff is a "serial sexual harasser" is false.

28. Plaintiff has never been accused by any woman of sexual harassment, nor has he been charged with, convicted of, or found liable for any such conduct.

29. Upon information and belief, Defendant was seeking to boost her reputation at the expense of Plaintiff's.

30. The articles cited by Defendant do not substantiate her claim.

31. They reference a satirical passage from a book Plaintiff co-authored with Mark Ames, titled "The eXile: Sex, Drugs, and Libel in the New Russia," about their time editing a nightlife guide in Moscow in the late 1990s.

32. In one passage, Ames describes a fictional scene in which an American female co-worker complained about their treatment of Russian female staff, to which Plaintiff allegedly replied, "But… it is funny."

33. Both authors have repeatedly stated this was satirical and invented.

34. Journalist Walker Bragman of Paste Magazine interviewed the women named in the passage—Masha and Sveta.

35. One Masha, a Russian-born American citizen who had a long-term relationship with Plaintiff, stated: "I was never harassed by Matt Taibbi, nor did I see him sexually harass anyone at work or outside work either. It was a ridiculous passage written by Mark."

36. She added that she left "The eXile" because they began dating, and Plaintiff avoided workplace impropriety.

37. The woman identified as "Sveta" confirmed the scene "never happened" and that Plaintiff never behaved inappropriately.

38. The book's publisher, Grove Atlantic, clarified to The Guardian that its "non-fiction" label was inaccurate, as it combines "exaggerated, invented satire and nonfiction reporting."

39. These allegations have been the subject of prior legal action and multiple corrections in the public record, of which Defendant was undoubtedly aware.

40. In 2017-2018, following similar false claims, Plaintiff secured settlements with several publications:

    i) "The Guardian" amended an article by Jessica Crispin on April 10, 2018, removing references to Plaintiff and noting that the women referred to in "The eXile" "have since said they have never been harassed by Taibbi."

    ii) "The Nation" issued a correction on February 13, 2018, removing an inaccurate statement about Plaintiff and apologizing for the error after a settlement, as reported by the Daily Caller (https://dailycaller.com/2018/02/15/the-nation-matt-taibbi-settlement/).

    iii) "Newsweek" updated an article on March 23, 2018, removing Plaintiff's name and clarifying that "The eXile" contained satire, per Grove Atlantic's 2017 statement.

41. Defendant acted with actual malice in making and republishing these statements.

42. Defendant either knew the statements were false or acted with reckless disregard for their truth, as evidenced by her reliance on unverified, decades-old satirical content that had been widely

discredited by prior legal action and public corrections—corrections of which she, as a public official with access to such information, was undoubtedly aware.

43. Defendant's decision to republish the statements on X, BlueSky and her website, outside her legislative duties, further demonstrates an intent to harm Plaintiff's reputation in his home state and beyond, rather than a good-faith engagement in legislative debate.

44. Plaintiff, a husband and father of three with no criminal history, has suffered severe reputational harm, emotional distress, and economic loss in New Jersey, where he resides and works.

45. This harm compounds prior damage in 2017 when he was fired by Random House despite his best-selling record, now exacerbated by Defendant's actions.

## COUNT I: LIBEL

46. Plaintiff incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

47. Defendant published false and defamatory statements about Plaintiff by republishing and commenting on her statements made in a televised congressional hearing, that he is a "serial sexual harasser," on X on April 1, 2025, at 12:04 PM (https://x.com/i/status/1907074669712191910) making it accessible in New Jersey.

48. Defendant published false and defamatory statements about Plaintiff by republishing and commenting on her statements made in a televised congressional hearing, that he is a "serial sexual harasser," on BlueSky on April 1, 2025, at 12:42 PM (https://bsky.app/profile/repkamlagerdove.bsky.social/post/3llrcwyxzmk2t) making it accessible in New Jersey.

49. Defendant published false and defamatory statements about Plaintiff by republishing her statements made in a televised congressional hearing on her official website (https://kamlager-

dove.house.gov/media/in-the-news/kamlager-dove-holds-first-hearing-top-democrat-house-foreign-affairs-subcommittee ) on the same date, making it accessible in New Jersey.

50. These statements were communicated to third parties, including Plaintiff's professional and personal community in New Jersey, via YouTube, X, BlueSky, and her official website, reaching a vast audience.

51. The statements are defamatory under New Jersey law because they falsely impute criminal conduct and moral turpitude to Plaintiff, damaging his reputation as a public figure.

52. Defendant acted with actual malice, as required for a public figure.

53. Defendant either knew the statements were false or acted with reckless disregard for their truth, ignoring prior legal action and public corrections debunking these allegations—corrections of which she was undoubtedly aware—and republishing the defamation on X, BlueSky and her website, outside the scope of her legislative duties, with intent to harm Plaintiff's reputation.

54. These republications are not protected by the Speech and Debate Clause.

55. As a proximate result of Defendant's libelous statements, Plaintiff has suffered substantial harm in New Jersey, including damage to his reputation, emotional distress, and economic loss, all of which require proof of actual damages as a public figure.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Matthew Taibbi respectfully requests that this Court:

a. Enter judgment in favor of Plaintiff and against Defendant on Count I for libel;

b. Award Plaintiff compensatory damages in an amount to be determined at trial, but not less than $10,000,000, for reputational harm, emotional distress, and economic loss;

c. Award Plaintiff punitive damages in an amount to be determined at trial, to punish Defendant's malicious conduct and deter similar acts;

d. Issue an injunction requiring Defendant to retract her defamatory statements publicly, including on X, BlueSky and her official website, and refrain from further false statements about Plaintiff;

e. Award Plaintiff his costs and reasonable attorneys' fees; and

f. Grant such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

DATED: April 8, 2025
New York, NY

Respectfully submitted,

| | |
|---|---|
| **Garson Segal** | **GS2Law PLLC** |
| **Steinmetz Fladgate LLP** | |
| | |
| /s/ Michael Steinmetz | /s/ Robert Garson |
| Michael Steinmetz (MS-3164) | Robert Garson |
| | (to be admitted pro hac vice) |
| 164 W25th St, 11F | 20801 Biscayne Blvd, Ste 506 |
| New York, NY 10001 | Miami, FL, 33180 |
| 212-380-3623 | 305-780-5212 |
| ms@gs2law.com | rg@gs2law.com |
| | |
| | *Counsel for Plaintiff Matthew Taibbi* |

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Michael Steinmetz, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: April 8, 2025                                By: /s/ Michael Steinmetz
                                                    Michael Steinmetz (MS-3164)