MATTHEW BERRY
GENERAL COUNSEL

TODD B. TATELMAN
DEPUTY GENERAL COUNSEL

BROOKS M. HANNER
ASSOCIATE GENERAL COUNSEL

**U.S. HOUSE OF REPRESENTATIVES
OFFICE OF GENERAL COUNSEL**
5140 O'NEILL HOUSE OFFICE BUILDING
WASHINGTON, DC 20515-6532
(202) 225-9700
FAX: (202) 226-1360

SALLY CLOUSE
ASSOCIATE GENERAL COUNSEL

ANDY T. WANG
ASSOCIATE GENERAL COUNSEL

RACHEL A. JANKOWSKI
ASSISTANT GENERAL COUNSEL

KEN DAINES
ASSISTANT GENERAL COUNSEL

May 29, 2025

<u>Via ECF</u>
Hon. Evelyn Padin, U.S. District Judge
Hon. Leda D. Wettre, U.S. Magistrate Judge
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

      Re:    *Taibbi v. Kamlager-Dove*, No. 2:25-cv-02275
             Status of Service on Congresswoman Kamlager-Dove

Dear Judge Padin and Judge Wettre:

      The House Office of General Counsel represents the Honorable Sydney Kamlager-Dove, United States Representative for the 37th Congressional District of California, who has been sued in her official capacity in the above-referenced matter filed by Plaintiff Matthew Taibbi. I write to clarify the status of service on Congresswoman Kamlager-Dove.

      The Federal Rules of Civil Procedure require that to serve a federal official sued in her official capacity, "a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the . . . officer . . . or employee." Fed. R. Civ. P. 4(i)(2). Similarly, to serve a federal official "in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States . . . ." *Id.* at 4(i)(3).

      Rule 4 further requires that "[t]o serve the United States, a party must: (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought . . . or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office." *Id.* at 4(i)(1)(A)(i)-(ii). In addition, a party must "send a copy of [the summons and complaint] by registered or certified mail to the Attorney General of the United States at Washington, D.C." *Id.* at 4(i)(1)(B). Here, the 60-day period to answer the complaint will not begin to run until Plaintiff effectuates service on the United States Attorney's Office. *See id.* at 12(a)(2) & (3).

      While Plaintiff has provided Congresswoman Kamlager-Dove with a copy of the Amended Complaint and Summons, ECF No. 10, I do not have any record of Plaintiff serving the United States under Rule 4(i)(1), and there is no evidence of such service on the docket. Accordingly, Congresswoman Kamlager-Dove is not yet required to answer or otherwise

respond to the Amended Complaint under Rule 12(a)(2) & (3), and the Court currently lacks personal jurisdiction over Congresswoman Kamlager-Dove.  Indeed, "'[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied.'" *Coulter v. U.S. Dep't of Homeland Sec.*, No. 07-4894, 2008 WL 4416454, at *2 (D.N.J. Sept. 23, 2008) (quoting *Omni Cap. Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)).

The requirement to comply with Rule 4(i) is not a "mere technicality"[1] that can be "excused" or waived.  *See Tuke v. United States*, 76 F.3d 155, 156 (7th Cir. 1996) (Easterbrook, J.).  The rules do not allow for it.  "Rule 4(d)'s waiver of service method does not apply to service on the United States or its agencies." *John v. Sec'y of the Army*, 484 F. App'x 661, 665 (3d Cir. 2012); *Farrace v. U.S. Dep't of Just.*, 220 F.R.D. 419, 421 (D. Del. 2004) (citing *Tuke*, 76 F.3d at 156).  Stated another way, "even if the Government had actual notice of this lawsuit, this notice does not qualify as good cause for failure to effect timely service." *Farrace*, 220 F.R.D. at 421.  As the Third Circuit has made clear, "notice cannot by itself validate an otherwise defective service." *Ayers v. Jacobs*, 99 F.3d 565, 568 (3d Cir. 1996) (quoting *Grand Entm't Grp. Ltd. v. Star Media Sales Inc.*, 988 F.2d 476, 486 (3d Cir. 1993)).

Thus, because there has been no service on the United States, Congresswoman Kamlager-Dove is not required to answer Plaintiff's Amended Complaint, and the Court currently lacks personal jurisdiction over Congresswoman Kamlager-Dove.

Thank you very much for your time and consideration of these issues.

Sincerely,

/s/ *Brooks M. Hanner*
Brooks M. Hanner
  *Associate General Counsel*

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
5140 O'Neill House Office Building
Washington, D.C. 20515
(202) 225-9700 (telephone)
brooks.hanner@mail.house.gov

*Counsel for Congresswoman Sydney Kamlager-Dove*

cc: Plaintiff Matthew Taibbi (via email & CM/ECF)

---

[1] *Cf. Mathies v. Silver*, No. 04-2882, 2011 WL 2293312, at *9 n.10 (D.N.J. Jun. 8, 2011) (discussing *Bivens* claims).