

Michael Steinmetz
164 West 25th St, 11F
New York, NY 10001
E: ms@gs2law.com
P: +1.212-380-3623

June 5, 2025

**VIA ECF**
Honorable Evelyn Padin
Honorable Leda D. Wettre
United States District Judge
United States District Court
District of New Jersey
50 Walnut Street
Newark, NJ 07102

**Re:   Taibbi v. Kamlager-Dove - Civil Action No.: 2:25-Cv-02275-EP-LDW Opposition to Letter Regarding Status of Service on Congresswoman Kamlager-Dove**

Dear Judge Padin and Judge Wettre,

We write in reference to the above captioned case currently pending in the United States District Court for the District of New Jersey. Plaintiff Matt Taibbi respectfully submits this opposition to the May 29, 2025, letter from defense counsel, regarding the status of service on Sydney Kamlager-Dove in the above-referenced matter. The letter incorrectly assumes that Ms. Kamlager-Dove is sued solely in her official capacity and misapplies the service requirements under Federal Rule of Civil Procedure 4(i). Plaintiff maintains that Ms. Kamlager-Dove is sued in her individual capacity, and proper service has been effectuated under the applicable rules.

**I. Congresswoman Kamlager-Dove Is Sued in Her Individual Capacity**

The Amended Complaint (ECF No. 10) asserts claims against Ms. Kamlager-Dove in her individual capacity for actions allied but incidental to her role as a United States Representative. However, the claims arise from alleged violations of Plaintiff's rights through actions exceeding her official authority, which are personal acts not shielded by her official capacity. The House Office of General Counsel's[1] letter erroneously presumes that this suit targets Ms. Kamlager-Dove solely in her official capacity, thereby invoking service requirements under Rule 4(i)(2) that are not fully applicable. With that to have been the case, the suit would also have implicated all of those working in her communications department as well. If Defendant maintains that position, those individuals may have to be impleaded in due course.

Under Rule 4(i)(3), when a federal officer or employee is sued in an individual capacity for acts or omissions occurring in connection with duties performed on behalf of the United States,

---

[1] It is indeed surprising that Ms. Kamlager-Dove has the benefit of being represented by the Office of General Counsel for her actions outside of the House.

New York                                   Miami                                   London

a party must: (1) serve the United States as outlined in Rule 4(i)(1), and (2) serve the individual defendant under Rule 4(e), (f), or (g). Plaintiff has complied with the requirements for serving Congresswoman Kamlager-Dove in her individual capacity, as detailed below.

## II. Service on Congresswoman Kamlager-Dove Was Properly Effectuated

The House Office of General Counsel acknowledges that Plaintiff provided Ms. Kamlager-Dove with a copy of the Amended Complaint and Summons (ECF No. 10). This delivery satisfies the requirements for serving an individual under Rule 4(e), which allows service by:

i)   Following state law for serving a summons in the state where the district court is located or where service is made (here, New Jersey or California);
ii)  Delivering a copy of the summons and complaint to the individual personally;
iii) Leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion; or
iv)  Delivering a copy to an agent authorized to receive service.

Plaintiff sent a copy of the summons and Amended Complaint to Ms. Kamlager-Dove via email to counsel who asserted that they were authorized to accept service consistent with Rule 4(e). This constitutes proper service on Ms. Kamlager-Dove in her individual capacity. Indeed, on April 16, 2025, counsel for the defendant wrote "I have accepted service of the amended complaint and have no intention of contesting service on the Congresswoman."

## III. Service on the United States Is Not a Prerequisite for Personal Jurisdiction Over an Individual capacity Defendant

The House Office of General Counsel argues that the Court lacks personal jurisdiction over Ms. Kamlager-Dove because Plaintiff has not yet served the United States under Rule 4(i)(1). This argument overstates the requirements for an individual capacity suit. While Rule 4(i)(3) requires service on the United States for individual capacity claims related to official duties, the failure to complete such service does not negate the Court's personal jurisdiction over the individual defendant if they have been properly served under Rule 4(e).

As the Third Circuit has recognized, personal jurisdiction depends on proper service of the defendant, not on ancillary service requirements. See *Omni Capital International Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) (personal jurisdiction requires satisfaction of procedural service requirements for the defendant). Since Ms. Kamlager-Dove has been served with the summons and Amended Complaint, the Court has personal jurisdiction over her in her individual capacity. Service on the United States, while required under Rule 4(i)(3), is a procedural step that does not affect the validity of service on the individual defendant.

Out of an abundance of caution, on June 3, 2025, Plaintiff completed service on the United States by delivering:

Continuation Page

    i)     a copy of the summons and complaint to the U.S. Attorney for the District of New Jersey, who has confirmed receipt via email and;

    ii)    sending a copy to the Attorney General in Washington, D.C., via certified mail, as required by Rule 4(i)(1).

**IV. The House's Reliance on Official Capacity Precedents Is Inapposite**

As stated previously, House Office of General Counsel cites cases such as *Tuke v. United States*, 76 F.3d 155 (7th Cir. 1996), and *Farrace v. U.S. Department of Justice*, 220 F.R.D. 419 (D. Del. 2004), to argue that service on the United States is mandatory and cannot be waived. These cases primarily address official capacity suits or suits against federal agencies, where service on the United States is central to establishing jurisdiction over the government itself. In contrast, this case involves individual capacity claims, where the primary jurisdictional requirement is proper service on the individual defendant under Rule 4(e). The House's reliance on these precedents is therefore misplaced.

**V. Request for Relief**

For the foregoing reasons, Plaintiff respectfully requests that the Court:

    i)    Find that Ms. Kamlager-Dove has been properly served in her individual capacity under Rule 4(e);

    ii)    Confirm that the Court has personal jurisdiction over Ms. Kamlager-Dove for the purposes of this individual capacity suit;

    iii)    Order Congresswoman Kamlager-Dove to answer or otherwise respond to the Amended Complaint within the time prescribed by Rule 12(a), commencing from the date of service on her; and

    iv)    If necessary, grant Plaintiff a reasonable extension, *nunc pro tunc* if necessary, to complete service on the United States under Rule 4(i)(1), should the Court deem it previously incomplete.

Thank you for your time and consideration of this matter.

Respectfully submitted,


/s/ Michael Steinmetz

Cc: Robert Garson