

**U.S. Department of Justice**

United States Attorney
District of New Jersey
*Civil Division*

___

ALINA HABBA
ACTING UNITED STATES ATTORNEY

*John F. Basiak Jr.*
*Assistant United States Attorney*
*Chief, Civil Division*

*402 East State Street, Room 430*
*Trenton, NJ 08608*
john.basiak@usdoj.gov

main: (609) 989-2190
direct: (609) 858-0309

August 19, 2025

**Via ECF**
Hon. Evelyn Padin, U.S.D.J.
United States District Court
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

      Re:    *Taibbi v. Kamlager-Dove,* No. 25-cv-2275
             **Request for Premotion Conference**

Dear Judge Padin:

      This Office represents defendant United States of America (improperly pleaded as Sydney Kamlager-Dove) in the above-referenced matter stemming from allegedly defamatory statements made by Congresswoman Kamlager-Dove during a congressional hearing in Washington, D.C. We write to request a premotion conference in accordance with Your Honor's individual preferences. We anticipate filing a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1). The Court lacks subject-matter jurisdiction over Plaintiff's amended complaint for at least two reasons: (1) Plaintiff failed to exhaust his administrative remedies under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a); and (2) his claims are barred by the intentional tort exception to the FTCA, § 2680(h). Thus, the Court should dismiss Plaintiff's amended complaint.

      **A. Background: Alleged Defamatory Statements**

      This is a single-count defamation action brought against Congresswoman Kamlager-Dove for statements made while acting within the scope of her employment as a member of Congress. Plaintiff is suing Congresswoman Kamlager-Dover for libel arising from a "statement made during a congressional hearing in Washington, D.C." on April 1, 2025, which the Congresswoman reposted on her official social media sites "and on her official congressional website on the same date." Amend. Compl. ¶ 1, ECF No. 8.

Congresswoman Kamlager-Dover, "as Ranking Member of the South and Central Asia subcommittee of the House Foreign Affairs Committee, participated in a hearing titled 'Censorship Allegations Involving the State Department's Former Global Engagement Center' in Washington, D.C." *Id.* ¶ 17. Plaintiff was a witness at the hearing, during which he alleges Congresswoman Kamlager-Dove issued an allegedly defamatory statement. *See id.* ¶¶ 18-20. Later that same day, Congresswoman Kamlager-Dove allegedly reposted a video of the hearing on social media and "on her official congressional website." *Id.* ¶¶ 22-24. Plaintiff claims the offending statements were "demonstrably false and made with actual malice" and actionable as a state law tort. *See id.* ¶¶ 6, 46-55. He seeks damages and equitable relief.

### B. The United States is the Only Proper Defendant

The FTCA is the "exclusive" remedy "for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." § 2679(b)(1). And the FTCA provides a mechanism for the United States to substitute itself as a defendant for employees sued individually for state law torts arising from conduct within the scope of federal employment. As relevant here, "[u]pon certification by the Attorney General [or her designee] that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action . . . shall be deemed an action against the United States . . . and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1); *see Osborn v. Haley*, 549 U.S. 225, 230 (2007) ("Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee.").

The FTCA applies here because Plaintiff alleges that he suffered personal injuries from statements made by Congresswoman Kamlager-Dove "during a congressional hearing in Washington, D.C.," and republished those statements via official social media accounts and "her official congressional website." Am. Compl. ¶ 1. In other words, Plaintiff sues Congresswoman Kamlager-Dove for "negligent or wrongful act[s] or omission[s]" within the scope of her employment as a Member of Congress at all relevant times. *See* 28 U.S.C. § 2679(b)(1).[1]

---

[1] Notwithstanding Plaintiff's conclusory allegations that Congresswoman Kamlager-Dove was acting in her personal capacity during the events alleged in the amended complaint, the Attorney General's designee will submit a certification under 28 U.S.C. § 2679(d)(1) accompanying the motion to dismiss confirming that Congresswoman Kamlager-Dove was acting in the scope of her employment at the time of the conduct alleged.

### C. The Court Lacks Jurisdiction Over Plaintiff's Defamation Claim

The Court lacks jurisdiction over Plaintiff's defamation claim under the FTCA for at least two reasons. First, Plaintiff failed to exhaust his administrative remedies; and second, the claim is barred under the FTCA's intentional tort exception.

To invoke the FTCA's limited waiver of sovereign immunity, a plaintiff, prior to filing suit must "first present the claim to the appropriate federal agency," and the appropriate federal agency must either deny the claim in writing or not act on the claim for a period of six months. 28 U.S.C. § 2675(a) (cleaned up). Accordingly, courts lack subject-matter jurisdiction over FTCA claims where a plaintiff "institutes" "[a]n action" before exhausting administrative remedies. *See* 28 U.S.C. §§ 1346(b)(1), 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993). The requirements of 28 U.S.C. § 2675(a) are "jurisdictional and cannot be waived." *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003). And "a complaint filed in court before the conclusion of the six-month period in which the agency reviews the claim will be deemed premature." *Ahmed v. United States*, 334 F. App'x 512, 513 (3d Cir. 2009) (citing *McNeil v. United States*, 508 U.S. 106, 112 (1993)). Here, Plaintiff does not allege that he submitted an administrative tort claim to the U.S. House of Representatives; nor could he. The House of Representatives has no record of such a claim.

Second, even if Plaintiff fulfilled the FTCA's exhaustion requirement, the Court still lacks subject-matter jurisdiction because the United States has not waived sovereign immunity for defamation claims. *See* 28 U.S.C. § 2680(h); *see also Brumfeld v. Sanders*, 232 F.3d 376, 383 (3d Cir. 2000) (rejecting tort claim under slander exception because "defamation suits against the United States are prohibited" under 28 U.S.C. § 2680(h)). Thus, the Court should dismiss Plaintiff's amended complaint.

### D. The Way Ahead

The parties conferred on August 18 via telephone and consent to the following briefing schedule based on the Court's premotion conference requirement:

- Motion to dismiss filed 14 days after premotion conference or order granting permission to file motion.
- Opposition due 30 days after motion; and
- Reply due 14 days after opposition.

Should Your Honor have any questions or concerns, please do not hesitate to contact us. Thank you very much for your consideration of this request for a premotion conference.

3

        Respectfully submitted,

        TODD W. BLANCHE
        U.S. Deputy Attorney General

        ALINA HABBA
        Acting United States Attorney
        Special Attorney

By:   /s/ John F. Basiak Jr.
        JOHN F. BASIAK JR.
        Assistant United States Attorney
        Chief, Civil Division
        *Attorneys for United States*

cc: Plaintiff's counsel (via ECF)