

Robert Garson
E: ms@gs2law.com
P: +1.212-380-3623

August 20, 2025

**VIA ECF**
Honorable Evelyn Padin
United States District Judge
United States District Court
District of New Jersey
50 Walnut Street
Newark, NJ 07102

Re:   Taibbi v. Kamlager-Dove - Civil Action No.: 2:25-Cv-02275-EP-LDW
      Response to Defendant's Request for Pre-Motion Conference and Anticipated Motion to Dismiss

Dear Judge Padin,

We have the privilege of representing Plaintiff Matthew Taibbi in the above-referenced matter. We write in response to the letter filed by the United States [ECF No. 20]. The DOJ seeks to transform political spin into an "official act" of Congress, but the law does not stretch that far. Talking to voters on Twitter is not lawmaking, it is politics. Defendant Sydney Kamlager-Dove is immune for what she said in the hearing room, but not for blasting those statements across social media and her website. If she defamed Plaintiff in the public square, she must answer for it personally, just like anyone else.

The DOJ's attempt to invoke the Federal Tort Claims Act ("FTCA") misapprehends both the scope of legislative immunity and the Westfall Act. As such, Plaintiff opposes the anticipated motion and respectfully requests that the Court either deny the request for a pre-motion conference as premature or, in the alternative, schedule a conference to address the threshold issues outlined below. As detailed herein, the DOJ's arguments are flawed and overlook Plaintiff's right to challenge any Westfall Act certification on scope-of-employment grounds. Until such certification is filed and upheld following *de novo* review, this remains a private-capacity action against the Defendant under diversity jurisdiction (28 U.S.C. § 1332(a)), and FTCA does not apply.

**A. The DOJ's Motion Is Premature Absent Filed Certification**

The DOJ's letter presupposes substitution of the United States as the defendant under the Westfall Act (28 U.S.C. § 2679(d)(1)), asserting that Plaintiff failed to exhaust administrative remedies under 28 U.S.C. § 2675(a) and that the claim is barred by the FTCA's intentional tort exception (28 U.S.C. § 2680(h)). However, no certification by the Attorney General (or designee) has been filed to date. As the Supreme Court held in *Osborn v. Haley*, 549 U.S. 225, 230 (2007), substitution occurs only "[u]pon certification," and the employee remains the defendant until that point. See also 28 U.S.C. § 2679(d)(1) ("Upon certification... the United States shall be substituted as the party defendant.").

Without certification, the Court's jurisdiction is firmly established under 28 U.S.C. § 1332(a), as alleged in the Amended Complaint (ECF No. 8, ¶¶ 10-12): complete diversity exists (Plaintiff is domiciled in New Jersey; Defendant in California), and the amount in controversy exceeds $75,000. The DOJ's invocation of FTCA requirements is thus inapposite at this stage, and any motion to dismiss on those grounds would be premature. See, e.g., *CNA v. United States*, 535 F.3d 132, 145 (3d Cir. 2008) (certification review is a prerequisite to substitution).

**B. Plaintiff Will Challenge Any Certification, and the Republications Were Outside the Scope of Employment**

Even if certification is forthcoming, Plaintiff intends to challenge it vigorously, as permitted under *Osborn*, 549 U.S. at 231-32, and Third Circuit precedent. See CNA, 535 F.3d at 145-46 ("requiring less of a factual showing by Plaintiff than would be required to succeed at trial" to ensure district courts "do not prematurely grant Rule 12(b)(1) motions to dismiss claims in which jurisdiction is intertwined with the merits and could be established, along with the merits, given the benefit of discovery").

While statements made during a congressional hearing are covered by the Speech or Debate Clause, republication of those statements on social media and a congressional website is not. The Amended Complaint focuses on Defendant's republications of her hearing statements, via videos posted on X (formerly Twitter) at 12:04 PM on April 1, 2025, BlueSky at 12:42 PM, and a transcript with video link on her official congressional website under "Media" and "In The News" sections— as the actionable defamatory acts. Am. Compl. ¶¶ 1, 3-5, 8, 22-26, 47-49.

These republications were "outside the scope of her legislative duties" and served "political or personal purposes," such as boosting her reputation at Plaintiff's expense. Id. ¶¶ 8, 25, 29, 43. They are akin to the newsletters and press releases in *Hutchinson v. Proxmire*, 443 U.S. 111, 133 (1979), where the Supreme Court held that republishing legislative statements for broader dissemination falls outside protected legislative activity under the Speech or Debate Clause. While the Speech or Debate Clause is narrower than Westfall scope, *Hutchinson* provides a strong analogy: such republications are "in no way essential to the deliberations of the Senate," fall outside absolute legislative immunity as they are instead public relations efforts. See also *Wuterich v. Murtha*, 562 F.3d 375, 379-80 (D.C. Cir. 2009) (distinguishing core oversight from extraneous media statements).

Looking at issue from the other direction, the DOJ's reliance on the FTCA presupposes that Defendant Kamlager-Dove's republication was within the "scope of her employment." However scope-of-employment determinations are fact-intensive and governed by state law respondeat superior principles. See *Council on Am. Islamic Relations v. Ballenger*, 444 F.3d 659 (D.C. Cir. 2006). Courts have distinguished between legitimate public communications and purely political speech. Where the communication is political or campaign-related, substitution under the FTCA is improper. See *Doe v. McMillan*, 412 U.S. 306, 314-15 (1973). Plaintiff alleges that Defendant's republication was political in nature, and therefore outside her federal employment.

If the Court finds the republications out-of-scope following evidentiary review (which may require discovery), substitution will not occur, the United States will not be a party, and FTCA exhaustion and exceptions become irrelevant. The case will proceed as a state-law libel claim against Defendant personally. See *Brumfield v. Sanders*, 232 F.3d 376, 380 (3d Cir. 2000) (scope review may involve factual disputes necessitating hearings).

**C. The DOJ's Additional Arguments Fail**

The DOJ's assertion that Plaintiff "does not allege" an administrative claim ignores that no such claim is required for a private-capacity suit. Similarly, the libel exception under § 2680(h) applies only to claims against the United States post-substitution; it does not immunize individual employees for out-of-scope acts. See *Osborn*, 549 U.S. at 238-39 (Westfall Act provides employee immunity only if scope is upheld, even for excepted torts). Defamation suits against federal officials in their personal capacities are permissible where actions exceed official duties. See, e.g., *Barr v. Matteo*, 360 U.S. 564 (1959) (qualified immunity analysis for personal suits).

**D. Proposed Next Steps**

It is our submission that permission to file the motion at this stage should be denied but should the Court grant permission to file the motion, Plaintiff consents to the briefing schedule proposed by the DOJ: motion due 14 days after the pre-motion conference or order; opposition due 30 days thereafter; reply due 14 days after opposition.

However, given the prematurity of the motion absent certification, Plaintiff respectfully requests that the Court direct the DOJ to file any certification promptly, allowing for targeted briefing on scope before addressing dismissal. In the alternative, Plaintiff does not oppose a pre-motion conference to discuss these issues.

Should the Court have any questions, please do not hesitate to contact us and we are grateful for the Court's consideration.

Respectfully submitted

/s/Michael Steinmetz

cc: Robert Garson