Michael Steinmetz, Esq.
**Garson, Ségal, Steinmetz, Fladgate LLP**
225 Broadway, 37th Floor
New York, NY 10007
Phone: (212) 380-3623
Fax: (347) 537-4540
ms@gs2law.com
Robert Garson, Esq. (*Pro Hac Vice*)
**GS2Law PLLC**
20801 Biscayne Blvd, Ste 506
Miami, FL 33180
Phone: (305) 780-5212
rg@gs2law.com
Attorneys for Matthew Taibbi

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**NEWARK DIVISION**

MATTHEW TAIBBI,
    Plaintiff,                                         Civil Action No.: 2:25-cv-02275-EP-LDW

    v.

SYDNEY KAMLAGER-DOVE,
             Defendant.
_____x

**PLAINTIFF'S OPPOSITION TO CERTIFICATION**
**AND MOTION TO STRIKE SUBSTITUTION**

**INTRODUCTION**

Plaintiff Matthew Taibbi respectfully opposes the United States' Notice of Substitution and moves to strike the Certification filed by the Department of Justice ("DOJ") under the Westfall Act, 28 U.S.C. § 2679. The conduct at issue, Representative Kamlager-Dove's republication of defamatory accusations on X, BlueSky, and her website, was not within the scope of her legislative employment.

The DOJ seeks to transform political spin into an "official act" of Congress, but talking to voters on Twitter is not lawmaking, it is politics. Substitution would also bar Plaintiff's claims entirely because libel is excluded from the FTCA. Judicial review under *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417 (1995), and *Osborn v. Haley*, 549 U.S. 225, 238–39 (2007), prevents such an unjust result.

*Prima facie,* for the US Government to be substituting itself in and providing the Defendant a defense and immunity in these circumstances is not only an overbroad use of such a power but a huge waste to the public purse. The Defendant should be held accountable for her own actions in every sense of the word.

## FACTUAL BACKGROUND

On April 1, 2025, Defendant participated in a hearing of the House Foreign Affairs Subcommittee on South and Central Asia. Plaintiff, an investigative journalist domiciled in New Jersey, was invited to testify regarding his reporting on government censorship and First Amendment issues.

During her remarks, Defendant gratuitously and without factual basis accused Plaintiff of being a "serial sexual harasser" and moved to insert widely discredited articles into the record. The hearing was televised and broadly disseminated.

Defendant then amplified her accusation through republications: at 12:04 p.m. she posted the video to X; at 12:42 p.m. she reposted it to BlueSky; and later that day, she published the transcript and video on her official website. These republications, unlike the hearing itself, were not clothed by any hypothetical compulsion of any legislative duty.

The accusations were demonstrably false, and Defendant acted with actual malice, aware that prior corrections and settlements had already discredited the claims.

Plaintiff alleges Defendant sought to boost her political standing at his expense. As a result, Plaintiff has suffered severe reputational harm, emotional distress, and economic loss in New Jersey.

**ARGUMENT**

*I. Certification Must Be Reviewed De Novo*

Certification is prima facie but rebuttable evidence. Courts apply state respondeat superior law to ascertain why . The DOJ's one-page certification ignores the distinction between legislative acts and publicity. In *Hutchinson v. Proxmire*, 443 U.S. 111, 133 (1979), the Court reiterated that in *Gravel v. United States*, 408 U.S. 606, 625 (1972) it recognized and reaffirmed in *Doe v. McMillan*, 412 U.S. 306, 314–15 (1973) that the doctrine denying immunity for republication had been accepted in the United States:

> "A Member of Congress may not with impunity publish a libel from the speaker's stand in his home district, and clearly the Speech or Debate Clause would not protect such an act even though the libel was read from an official committee report. The reason is that republishing a libel under such circumstances is not an essential part of the legislative process and is not part of that deliberative process 'by which Members participate in committee and House proceedings.'" (Footnote omitted; quoting from *Gravel* v. *United States, supra*, at 625.)

Likewise here, social-media posts and website republications are political and reputational, not legislative. As a result, given the clear mandate given to the Court to inquire into the facts and factors *de novo*, and the well-trodden case law as to such extra=legislative behavior, it is right that the review process be engaged at this point.

3

## *II. Republications Were Outside the Scope of Employment*

It should go without saying but clearly the DOJ need to be reminded of the fact that social media, namely crowing to voters, and self-aggrandizement to voters on X and BlueSky is not official congressional work but partisan communication.

Similarly, with regard to website posting, the Defendant's "In the News" web post mirrors the newsletters in *Proxmire* which was held to be press effort, not oversight, in line with any constituent or legislative function. Instead, Plaintiff Mr. Taibbi alleges that the Defendant republished her accusations to bolster her political standing. New Jersey law excludes such personal, politically motivated acts from scope.

New Jersey's scope test compels denial of substitution. Under *Di Cosala v. Kay*, 91 N.J. 159, 169–75, 450 A.2d 508 (1982) conduct is within scope only if it is "(1) of the kind [the employee] is employed to perform, (2) occurs substantially within the authorized time and space limits, and (3) is actuated, at least in part, by a purpose to serve the master." 91 N.J. at 169–70. Acts that are "purely personal or socially motivated" fall outside scope. Id. at 174–75. Here, Defendant's republications on X, BlueSky, and her website were not legislative work, occurred outside the legislative setting, and,by Plaintiff's allegations, were politically self-promotional. Under Di Cosala, such conduct is outside scope, and substitution must be denied. The New Jersey Supreme Court later reaffirmed the same three-part Restatement test in *Carter v. Reynolds*, 175 N.J. 402, 409–10, 815 A.2d 460 (2003).

### *III. The DOJ's Certification Is Conclusory and Insufficient on its Face*

The DOJ's certification recites only Defendant's title and a blanket "scope" assertion. It fails to analyze whether the challenged republications were "of the kind" she was employed to perform, or whether they served a legitimate legislative function.

### *IV. Scope-of-Employment Determinations Are Fact-Intensive and Require Discovery*

Under the FTCA, the United States may be substituted if the Attorney General certifies scope of employment. But scope determinations are fact-intensive, governed by state respondeat superior principles, and often require evidentiary development. See *CNA v. United States*, 535 F.3d 132, 145–46 (3d Cir. 2008); *Council on Am. Islamic Rels. v. Ballenger*, 444 F.3d 659, 664 (D.C. Cir. 2006).

Plaintiff respectfully moves under Rule 12(f) to strike the Certification as unsupported and conclusory. Alternatively, under Rule 26(b)(1), Plaintiff requests limited discovery on the scope-of-employment issue.

Such discovery should address:

(i) the purpose and intent behind the republications;

(ii) whether the republications were authorized by House leadership or staff;

(iii) whether they conformed to House policies and practices;

(iv) whether they served a legitimate legislative purpose; and

(v) whether they were politically motivated or intended to harm Plaintiff's reputation.

Facially, the DOJ's certification here was issued without any apparent investigation into these facts. Courts in the Third Circuit recognize that when

genuine factual disputes exist as to scope, discovery and, if necessary, an evidentiary hearing are appropriate. See *Schrob v. Catterson*, 967 F.2d 929, 936–37 (3d Cir. 1992).

### *V. Substitution Would Extinguish Plaintiff's Claims Because FTCA Bars Libel*

The DOJ seeks to provide the Defendant blanket immunity for her extra-legislative behavior as the FTCA expressly excludes defamation claims: "Any claim arising out of … libel, slander …" 28 U.S.C. § 2680(h). Courts enforce this bar strictly. See *Jimenez-Nieves v. United States*, 682 F.2d 1, 4 (1st Cir. 1982). If substitution is granted, Plaintiff's claims vanish. That outcome underscores the need for strict judicial review.

### *VI. DOJ's Additional Arguments Are Misplaced*

The DOJ's exhaustion argument is irrelevant. FTCA exhaustion applies only after substitution. Until then, this remains a diversity action under 28 U.S.C. § 1332(a). Nor does § 2680(h) immunize Defendant personally; it applies only post-substitution. See *Osborn v. Haley*, 549 U.S. 225, 238–39 (2007).

### CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court:

  i. Strike the DOJ's Certification of Scope of Employment pursuant to Rule 12(f);

  ii. Deny substitution of the United States;

  iii. Retain Defendant in her personal capacity;

  iv. In the alternative, permit limited discovery under Rule 26(b)(1) directed at the scope-of-employment issue; and

  v. Grant such other and further relief as the Court deems just and proper.

Dated: September 8, 2025
   New York, NY

                                                                  Respectfully submitted,

| | |
|---|---|
| **Garson Segal** <br> **Steinmetz Fladgate LLP** | **GS2Law PLLC** |
| /s/ Michael Steinmetz <br> Michael Steinmetz (MS-3164) <br> 225 Broadway, 37th Floor <br> New York, NY 10007 <br> 212-380-3623 <br> ms@gs2law.com | /s/ Robert Garson <br> Robert Garson (pro hac vice) <br> 20801 Biscayne Blvd, Ste 506 <br> Miami, FL, 33180 <br> 305-780-5212 <br> rg@gs2law.com |

*Counsel for Plaintiff Matthew Taibbi*