BRETT A. SHUMATE
Assistant Attorney General
Civil Division
KIRSTEN L. WILKERSON
Director, Torts Branch
STEPHEN R. TERRELL (CA Bar No. 210004)
Attorney
U.S. Department of Justice
Civil Division, Torts Branch
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATTHEW TAIBBI,<br><br>Plaintiff,<br><br>v.<br><br>SYDNEY KAMLAGER-DOVE,<br><br>Defendant. | HON. EVELYN PADIN<br><br>Civil Action No.<br><br>25-2275 (EP) (LDW)<br><br>**Motion Day:  November 17, 2025** |

**UNITED STATES' BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICITON**

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................ 1

II. RELEVANT ALLEGATIONS AND PROCEDURAL HISTORY ..................... 1

III. STANDARD OF REVIEW ................................................................................. 3

IV. ARGUMENT ....................................................................................................... 4

   A.  This Court Lacks Jurisdiction Because Plaintiff Failed to Exhaust. ............... 4

   B.  Alternatively, the Court Should Dismiss for Lack of Subject Matter Jurisdiction Because the FTCA's Libel and Slander Exception Applies. .............. 6

V. CONCLUSION .................................................................................................... 6

## TABLE OF AUTHORITIES

### Cases

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..................................................................1

*Borawski v. Henderson*, 265 F. Supp. 2d 475 (D.N.J. 2003) ...................................6

*F.D.I.C. v. Meyer*, 510 U.S. 471 (1994) ..................................................................4

*Gould Elecs., Inc. v. United States*, 220 F.3d 169 (3d Cir. 2000) ...........................4

*Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406 (3d Cir. 1991) ......................4

*McNeil v. United States*, 508 U.S. 106 (1993) .........................................................5

*Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902 (3d Cir. 1997) .............................1

*Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884 (3d Cir. 1977) ...............4

*Osborn v. Haley*, 549 U.S. 225 (2007) ....................................................................3

*Roma v. United States*, 344 F.3d 352 (3d Cir. 2003) ...............................................5

*S.R.P. ex rel. Abunabba v. United States*, 676 F.3d 329 (3d Cir. 2012) ..................5

*United States v. Sherwood*, 312 U.S. 584 (1941) ....................................................4

### Statutes

28 U.S.C. § 1346 ........................................................................................................5

28 U.S.C. § 2675 ....................................................................................................1, 5

28 U.S.C. § 2680 ................................................................................................1, 5, 6

28 U.S.C. 2679 ...........................................................................................................3

# Rules

Fed. R. Civ. P. 12 ............................................................................................................1, 4

## I.  INTRODUCTION

The Court lacks subject matter jurisdiction over this action because plaintiff failed to present his claim for money damages premised on allegedly defamatory statements made by Representative Sydney Kamlager-Dove to the House of Representatives before instituting this action, as required by the Federal Tort Claims Act ("FTCA").  28 U.S.C. § 2675.  Alternatively, and independently, the United States has not waived its sovereign immunity from plaintiff's defamation claims.  28 U.S.C. § 2680(h).  Thus, this Court lacks subject matter jurisdiction over this action and should dismiss.  Fed. R. Civ. P. 12(b)(1).

## II.  RELEVANT ALLEGATIONS AND PROCEDURAL HISTORY

Plaintiff is a journalist, author, and commentator.  Am. Compl. ¶ 13 (ECF No. 8).[1]  The House of Representatives' Committee on Foreign Affairs:  South and Central Asia Subcommittee ("Subcommittee") invited plaintiff to testify at a hearing.  *Id.* ¶ 18.  On April 1, 2025, the Subcommittee held that hearing, entitled, "Censorship Industrial Complex: The Need for First Amendment Safeguards at the State Department."  171 Cong. Rec. D320 (Apr. 1, 2025); Am. Compl. ¶ 17.

---

[1] For purposes of this motion only, the United States accepts plaintiff's factual allegations as true, although the Court owes no deference to plaintiff's legal assertions or conclusory statements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (explaining that a court need not accept a plaintiffs' "bald assertions" or "legal conclusions").

Representative Kamlager-Dove was, and remains, the Ranking Member of the Subcommittee.  Subcommittee on South and Central Asia Website <https://democrats-foreignaffairs.house.gov/south-central-asia> (last visited Aug. 25, 2025); Am. Compl. ¶ 17.  At the beginning of the hearing, Representative Kamlager-Dove read her prepared remarks that included the following statements:

> Thank you, Mr. Chair, and thank you for being here for our first South and Central Asia Subcommittee hearing.  I look forward to working with the Chair in a bipartisan way on the critical issues we are charged with overseeing.
>
> Unfortunately, we're not having a hearing about any of those.  Instead, this Subcommittee is wasting taxpayer time and resources on the fifth such hearing Republicans have held across multiple committees on the so-called "censorship-industrial complex."
>
> The majority is relitigating a made-up conspiracy theory about a part of the State Department that no longer exists to distract from the dumpster fire foreign policy this Administration is pursuing—and elevating a serial sexual harasser as their star witness in the process.

Am. Compl. ¶ 5.

Plaintiff maintains that the statement about the "serial sexual harasser" was directed at him and is false.  *Id.* ¶¶ 2, 6.  Plaintiff further alleges that, later in the day, Representative Kamlager-Dove posted a video clip of her reading her opening statement on her official X account with the added comment, "After this, Republicans gave Matt Taibbi time to defend himself.  It's telling that he didn't." *Id.* ¶ 3.  The Representative also posted the same video clip, with the same comment, on her official BlueSky account.  *Id.* ¶ 4.  Finally, the Representative

posted a transcript, with a link to the video, of her opening remarks on her official website.  *Id.* ¶ 5.  Plaintiff contends that these three "republications" were defamatory under New Jersey law.  *Id.* ¶¶ 26, 47–51.

Plaintiff filed this action for libel on April 3, 2025, naming Representative Kamlager-Dove as defendant.  *See generally* Compl. (ECF No. 1).  Plaintiff does not allege that he presented his claim to the House of Representatives administratively before filing, or that he exhausted his administrative remedies under the FTCA.  *See generally* Am. Compl.

On September 3, 2025, the Attorney General's delegate certified that Representative Kamlager-Dove was acting within the course and scope of her office or employment with respect to the acts or omissions at issue in plaintiff's complaint.  Notice of Substitution (ECF No. 23).  By law, the United States was substituted as party defendant for Representative Kamlager-Dove at that time.  28 U.S.C. 2679(d)(1); *Osborn v. Haley*, 549 U.S. 225, 231 (2007) (upon certification, United States hall remain defendant remains "unless and until the District Court determines that the employee, in fact, and not simply as alleged by the plaintiff, engaged in conduct beyond the scope of his employment").  The United States now moves to dismiss this action for lack of subject matter jurisdiction.

### III.  STANDARD OF REVIEW

The United States may move to dismiss plaintiff's action for lack of subject

matter jurisdiction. Fed. R. Civ. P. 12(b)(1). In responding to this Rule 12(b)(1) motion to dismiss, plaintiff bears the burden of persuasion in establishing subject matter jurisdiction. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). There are two categories of Rule 12(b)(1) motions: a facial attack on the complaint and a factual attack that challenges the jurisdictional facts. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). This motion presents a facial attack. In reviewing a facial attack, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). To sue the sovereign, plaintiff's allegations must invoke a valid waiver of sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).

IV.    **ARGUMENT**

    A.    **This Court Lacks Jurisdiction Because Plaintiff Failed to Exhaust.**

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Meyer*, 510 U.S. at 475 (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)) (citations omitted, alteration in original). The FTCA contains a limited waiver of sovereign immunity, subject to numerous

exceptions. *See* 28 U.S.C. § 2680 (exceptions). To advance a tort claim against the United States, a plaintiff must establish that he complied with the administrative presentment requirements of the Act, 28 U.S.C. § 2675, and "plaintiff bears the burden of establishing that his claims fall within the scope of the FTCA's waiver of the federal government's sovereign immunity." *S.R.P. ex rel. Abunabba v. United States*, 676 F.3d 329, 333 (3d Cir. 2012).

To invoke the limited waiver of sovereign immunity contained in the FTCA, Congress mandated that plaintiff "first present[] the claim to the appropriate Federal agency," and that the appropriate federal agency either deny the claim in writing or not act on the claim for a period of six months. 28 U.S.C. § 2675(a). This Court lacks subject matter jurisdiction over FTCA claims if plaintiff "institute[s]" "[a]n action" before exhausting their administrative remedies. 28 U.S.C. §§ 1346(b)(1), 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993). The requirements of 28 U.S.C. § 2675(a) are "jurisdictional and cannot be waived." *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003). Here, plaintiff has not alleged, nor can he allege, that he exhausted his administrative remedies under the FTCA before instituting this action. The Court should therefore dismiss for lack of subject matter jurisdiction.

### B.   Alternatively, the Court Should Dismiss for Lack of Subject Matter Jurisdiction Because the FTCA's Libel and Slander Exception Applies.

As noted, the FTCA's limited waiver of sovereign immunity is subject to several exceptions set forth in 28 U.S.C. § 2680.  One such exception preserves the government's immunity from suit for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." *Id.* § 2680(h).  Because plaintiff's claim against Representative Kamlager-Dove arises out of alleged defamation, this Court lacks subject matter jurisdiction over plaintiff's action. *Borawski v. Henderson*, 265 F. Supp. 2d 475, 484 (D.N.J. 2003) (dismissing FTCA claim arising out of defamation).[2]  The Court should dismiss this action.

### V.   CONCLUSION

Because plaintiff has not exhausted his administrative remedies under the FTCA, and because plaintiff advances a defamation claim outside of the FTCA's limited waiver of sovereign immunity, the Court should dismiss this action for lack of subject matter jurisdiction.

---

[2] It is of no moment that substitution of the United States would leave plaintiff with no FTCA remedy in this matter because the Act "makes the FTCA the exclusive mode of recovery for the tort of a Government employee even when the FTCA itself precludes Government liability." *United States v. Smith*, 499 U.S. 160, 166 (1991).

| | |
|---|---|
| Dated:    September 26, 2025 | Respectfully submitted,<br><br>BRETT A. SHUMATE<br>Assistant Attorney General<br>Civil Division<br><br>KIRSTEN L. WILKERSON<br>Director, Torts Branch<br><br> *s/ Stephen R. Terrell*  <br>STEPHEN R. TERRELL (CA Bar No. 210004)<br>Attorney<br>U.S. Department of Justice<br>Civil Division, Torts Branch<br>P.O. Box 888<br>Benjamin Franklin Station<br>Washington, D.C. 20044<br>Tel:   (202) 353-1651<br>Fax:   (202) 616-5200<br>Stephen.Terrell2@usdoj.gov<br><br>*Attorneys for Defendant United States of America* |