Michael Steinmetz, Esq.
**Garson, Ségal, Steinmetz, Fladgate LLP**
164 West 25th Street, Suite 11 R
New York, NY 10001
Phone: (212) 380-3623
Fax: (347) 537-4540
ms@gs2law.com
Robert Garson, Esq. (*Pro Hac Vice*)
**GS2Law PLLC**
20801 Biscayne Blvd, Ste 506
Miami, FL 33180
Phone: (305) 780-5212
rg@gs2law.com
Attorneys for Matthew Taibbi

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION**

MATTHEW TAIBBI,
Plaintiff,                                                                           Civil Action No.: 2:25-cv-02275-EP-LDW

       v.

SYDNEY KAMLAGER-DOVE,
                 Defendant.
_____x


**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................ 1

ARGUMENT ........................................................................................................... 1

    I. The Amended Complaint States a Plausible Claim for Libel. .................................... 1

    II. Defendant's Reliance on the Speech and Debate Clause Is Misplaced. .................. 3

    III. Defendant's Statutory and Jurisdictional Challenge Fails. ..................................... 3

    IV. Defendant's Attempts to Recast the Facts Are Improper. ..................................... 4

CONCLUSION ........................................................................................................ 5

# TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................... 1

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .................................................................. 1

*Gravel v. United States*, 408 U.S. 606, 625 (1972) ................................................................ 3

*Hutchinson v. Proxmire*, 443 U.S. 111 (1979) ....................................................................... 3

*Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) ................................................................................................................ 4

*McLaughlin v. Rosanio, Bailets & Talamo, Inc.*, 331 N.J. Super. 303, 313-14, 751 A.2d 1066 (App. Div. 2000) ............................................................................................................ 2

*Schrob v. Catterson*, 967 F.2d 929, 936 (3d Cir. 1992) ......................................................... 4

*Starland v. Fusari*, 2013 U.S. Dist. LEXIS 202789, *36 ........................................................ 2

*Too Much Media, LLC v. Hale*, 413 N.J. Super. 135, 166-67, 993 A.2d 845 (App. Div. 2010) ...................................................................................................................................... 2

*Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446 (3d Cir. 2003) ......................................... 4

*Ward*, 136 N.J. at 540 .............................................................................................................. 2

**RULES**

Rule 12(b)(6) ................................................................................................................... 1, 3, 4

**PRELIMINARY STATEMENT**

Defendant's motion to dismiss ("Motion") is a transparent effort to convert the narrow Speech and Debate privilege into a blanket license to defame with impunity. Plaintiff's Amended Complaint [ECF 8][1] ("Am. Compl") sets forth with specificity Defendant's actionable statements, her republication of them outside the scope of legislative context, and the resulting harm to Plaintiff's reputation and livelihood. These allegations satisfy all elements of libel under New Jersey law. Plaintiff has adequately alleged claims that more than satisfy the plausibility standard under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Defendant's arguments misapply Rule 12(b)(6), disregard well-pleaded factual allegations, and improperly invite the Court to resolve factual disputes at the pleading stage.

To dismiss at this stage would not only disregard well-pleaded allegations but also improperly expand legislative immunity beyond recognition.

**ARGUMENT**

**I. The Amended Complaint States a Plausible Claim for Libel.**

Plaintiff alleges that Defendant falsely accused him of being a "serial sexual harasser" during a congressional hearing on April 1, 2025, and then republished those statements on X, BlueSky, and her official congressional website (Am. Compl. ¶¶ 17–25,

---

[1] As expanded upon in prior briefings (see, e.g., Plaintiff's Opposition at ECF 27)

47–49). It is indisputable that accusations of sexual misconduct such as these are defamatory *per se*, as repeatedly held by courts in this jurisdiction. See, e.g., *Starland v. Fusari*, 2013 U.S. Dist. LEXIS 202789, *36 "[t]he elements of a slander *per se* claim are the same as those for a defamation claim, except that special damages need not be proven. *See Ward*, 136 N.J. at 540. "Slander *per se* exists when one accuses another: '(1) of having committed a criminal offense, (2) of having a loathsome disease, (3) of engaging in conduct or having a condition or trait incompatible with his or her business, or (4) of having engaged in serious sexual misconduct.'" *Too Much Media, LLC v. Hale*, 413 N.J. Super. 135, 166-67, 993 A.2d 845 (App. Div. 2010) (quoting *McLaughlin v. Rosanio, Bailets & Talamo, Inc.*, 331 N.J. Super. 303, 313-14, 751 A.2d 1066 (App. Div. 2000)). "Defendant's statements fall squarely within the definition of defamatory per se, imputing criminal and morally reprehensible conduct to Plaintiff, a public figure (Am. Compl. ¶¶ 27–28, 51).

Further it is clearly alleged that Defendant acted with actual malice. Kamlager-Dove either knew the allegations were false or recklessly disregarded their truth, relying on long-discredited, satirical writings and ignoring prior corrections and settlements that made clear such allegations were fabricated (Am. Compl. ¶¶ 31–42, 53).

As demonstrated in Plaintiff's prior submission (ECF 27 at 5–12), the Complaint identifies specific conduct by Defendant, the resulting harm, and the causal nexus between the two. These allegations go far beyond "labels and conclusions" and provide the necessary factual foundation for each claim.

As already shown in ECF 27 at 6–9, courts in this Circuit routinely hold that allegations of sexual misconduct are defamatory per se and sufficient to state a claim. Plaintiff has thus more than satisfied the pleading standard under *Iqbal* and *Twombly*.[2]

**II. Defendant's Reliance on the Speech and Debate Clause Is Misplaced.**

Defendant asserts absolute immunity under the Speech and Debate Clause. However, that protection is strictly limited to statements made in the course of legislative activities. See *Gravel v. United States*, 408 U.S. 606, 625 (1972). As the Supreme Court held in *Hutchinson v. Proxmire*, 443 U.S. 111 (1979), republications outside Congress, such as newsletters, press releases, and social media postings, are not privileged.

Here, Plaintiff precisely alleges that Defendant republished her defamatory remarks on social media and her official website, well outside the legislative context (Am. Compl. ¶¶ 22–25, 49–54). ECF 25 and 27 make clear that such conduct does not benefit from any immunity. Thus, Defendant's argument fails.

**III. Defendant's Statutory and Jurisdictional Challenge Fails.**

Defendant further asserts that Plaintiff's claims are barred by statute or fall outside this Court's jurisdiction. These arguments were already anticipated and addressed in both ECF 25 and 27. As those briefs makes clear, the statutes Defendant invokes either (a) provide no immunity at the pleading stage, or (b) require factual determinations which are inappropriate on a Rule 12(b)(6) motion.

---

[2] For fear of overpapering the Court with repetitive arguments, those authorities are not all duplicated here, but we incorporate all the authorities and arguments from ECF 25 and 27 herein.

3

Courts consistently hold that dismissal is unwarranted where jurisdictional or statutory defenses depend on disputed facts, and where discovery is warranted. See T*oys "R" Us, Inc. v. Step Two, S.A.,* 318 F.3d 446 (3d Cir. 2003) which held "[C]ourts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is "clearly frivolous." Citing *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997). This claim is not frivolous.

Plaintiff has adequately alleged facts bringing the claims within the scope of the governing statutes, and discovery will further substantiate those allegations. As stated in ECF 25 and 27 the Third Circuit law advocates for targeted discovery on challenged certifications. See *Schrob v. Catterson*, 967 F.2d 929, 936 (3d Cir. 1992) "this undoubtedly requires an opportunity for limited discovery, and, if necessary, an evidentiary hearing."

Plaintiff is domiciled in New Jersey, where he has suffered reputational and economic harm from Defendant's defamatory republications (Am. Compl. ¶¶ 10–12, 44–45, 55). Defendant purposefully directed her conduct into this forum by posting to platforms accessible here and targeting Plaintiff's community and professional network. Hence jurisdiction is proper.

**IV. Defendant's Attempts to Recast the Facts Are Improper.**

Defendant seeks dismissal by disputing the truth of Plaintiff's allegations and offering her own spin on decades-old disproven publications. But at the Rule 12(b)(6) stage, the Court must accept Plaintiff's allegations as true and draw all inferences in his favor.

Plaintiff alleges not only falsity but actual malice, citing prior corrections, settlements, and contemporaneous statements from alleged witnesses confirming no harassment occurred (Am. Compl. ¶¶ 34–38, 40). These factual allegations preclude dismissal and are properly tested at summary judgment or trial, not now.

## CONCLUSION

For the foregoing reasons, and for those set forth in Plaintiff's prior briefings in ECF 25 and 27, Defendant's Motion to Dismiss should be denied in its entirety.

Dated: September 30, 2025
        New York, NY

Respectfully submitted,

**Garson Segal**  
**Steinmetz Fladgate LLP**

/s/ Michael Steinmetz  
Michael Steinmetz (MS-3164)  
164 W25th St, 11F  
New York, NY 10001  
212-380-3623  
ms@gs2law.com

**GS2Law PLLC**

/s/ Robert Garson  
Robert Garson (pro hac vice)  
20801 Biscayne Blvd, Ste 506  
Miami, FL, 33180  
305-780-5212  
rg@gs2law.com

*Counsel for Plaintiff Matthew Taibbi*

5