BRETT A. SHUMATE
Assistant Attorney General
Civil Division
JONATHAN D. GUYNN
Deputy Assistant Attorney General, Torts Branch
STEPHEN R. TERRELL (CA Bar No. 210004)
Attorney
U.S. Department of Justice
Civil Division, Torts Branch
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATTHEW TAIBBI,<br><br>     Plaintiff,<br><br>v.<br><br>SYDNEY KAMLAGER-DOVE,<br><br>     Defendant. | HON. EVELYN PADIN<br><br>Civil Action No.<br><br>25-2275 (EP) (LDW)<br><br>**Motion Day:  November 17, 2025** |

**UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICITON**

## TABLE OF CONTENTS

I.   ARGUMENT ....................................................................................................1

# TABLE OF AUTHORITIES

## Cases

*Beazer E., Inc. v. Mead Corp.*, 412 F.3d 429 (3d Cir. 2005)......................................1

*Borawski v. Henderson*, 265 F. Supp. 2d 475 (D.N.J. 2003) ..................................3

*Duran v. Equifirst*, No. 2:09-cv-3856, 2010 WL 936199 (Mar. 12, 2010)..............1

*Newton–Haskoor v. Coface N. Am.*, No. 11-cv-3931, 2012 WL 1813102 (D.N.J.

  May 17, 2012)........................................................................................1

*United States v. Burzynski Cancer Research Inst.*, 819 F.2d 1301 (5th Cir. 1987) ..2

*United States v. Smith*, 499 U.S. 160 (1991) .............................................................3

*Wujuck v. Dale & Dale, Inc.*, 43 F.3d 790 (3d Cir. 1994)........................................2

## Statutes

28 U.S.C. § 1346................................................................................................2

28 U.S.C. § 2675.............................................................................................1, 2

28 U.S.C. § 2680.............................................................................................1, 2

## I.    ARGUMENT[1]

Because Plaintiff failed to respond to the United States' jurisdictional arguments as to why this Court lacks subject matter jurisdiction over substituted defendant United States—that Plaintiff failed to exhaust his administrative remedies under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675, and that Congress has not waived the United States' sovereign immunity for this defamation action, 28 U.S.C. § 2680(h)—he has forfeited those arguments and waived any substantive response.  *See Newton–Haskoor v. Coface N. Am.*, No. 11-cv-3931, 2012 WL 1813102, at *7 (D.N.J. May 17, 2012) ("Plaintiff has failed to respond to Defendants['] arguments that she has failed to plead plausible claims for [several causes of action.]  As such, Plaintiff has abandoned those claims."); *Duran v. Equifirst*, No. 2:09-cv-3856, 2010 WL 936199, at *3 (Mar. 12, 2010) ("The absence of argument constitutes a waiver in regard to the issue left unaddressed, and that waives the individual counts themselves."); *see also Beazer E., Inc. v. Mead Corp.*, 412 F.3d 429, 437 n.11 (3d Cir. 2005) (stating in the appellate context that a reply brief's failure to address arguments made in an

---

[1] Plaintiff filed his opposition to the United States' motion to dismiss on September 30, 2025.  Opp'n (ECF No. 30).  By rule, the United States' reply was due on, or before, November 10, 2025.  L.Civ.R. 7.1(d)(3).  On October 1, 2025, the Department of Justice's appropriations lapsed.  On October 3, 2025, Chief Judge Bumb issued Standing Order 2025-06, staying this action.  Standing Order 2025-05 (ECF No. 32) amended November 3, 2025 (ECF No. 33).  The United States therefore timely files this reply.

opposition brief "waives, as a practical matter anyway, any objections not obvious to the court to specific points urged" in the opposition brief). The Court should therefore grant the United States' motion.[2]

Plaintiff did not administratively present his claim to the House of Representatives before instituting this action. This warrants dismissal. 28 U.S.C. §§ 1346(b)(1), 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993). Courts routinely reject "no harm, no foul" arguments regarding exhaustion. *Wujuck v. Dale & Dale, Inc.*, 43 F.3d 790, 793–94 (3d Cir. 1994). Exhaustion in FTCA cases is jurisdictional, not a procedural defect that may be overlooked as a formality or corrected by amended pleadings. *United States v. Burzynski Cancer Research Inst.*, 819 F.2d 1301, 1306–07 (5th Cir. 1987).

Congress has not waived the United States' sovereign immunity for "[a]ny claim arising out of . . . libel, slander, misrepresentation, [or] deceit." 28 U.S.C. § 2680(h). Plaintiff's claim is for defamation. Opp'n 2 (ECF No. 30). This

---

[2] The parties have fully briefed a predicate issue for the Court: whether Plaintiff has presented sufficient evidence to rebut the Attorney General's delegate's Westfall Act certification that Representative Kamlager-Dove was acting within the scope of her office or employment with respect to the allegations in the complaint. Mot. to Strike Certification or, in the Alternative, for Limited Discovery (ECF No. 25); United States' Opposition to Motion to Strike Certification or, in the Alternative, for Limited Discovery (ECF No. 26); Plaintiff's Reply in Support of Motion to Strike Certification or, in the Alternative, for Limited Discovery (ECF No. 27). The United States does not repeat those arguments here.

warrants dismissal.  *Borawski v. Henderson*, 265 F. Supp. 2d 475, 484 (D.N.J. 2003) (dismissing FTCA claim arising out of defamation).

Plaintiff's opposition does not address either of these bases for dismissal. Instead, Plaintiff asserts he has adequately alleged facts to establish defamation under New Jersey law.  Opp'n 1–3.  The alleged merit of the state law claim is irrelevant to the sovereign immunity analysis because "the FTCA [is] the exclusive mode of recovery for the tort of a Government employee even when the FTCA itself precludes Government liability."  *United States v. Smith*, 499 U.S. 160, 166 (1991).  Plaintiff also rehashes his arguments challenging the Attorney General's delegate's Westfall Act certification.  Opp'n 3–5.  The parties have already addressed these arguments.  *See* n.2, *supra*.

The Court should grant the United States' motion in full and dismiss this action for lack of subject matter jurisdiction.[3]

Dated:        November 13, 2025        Respectfully submitted,

                                       BRETT A. SHUMATE
                                       Assistant Attorney General
                                       Civil Division

                                       JONATHAN D. GUYNN
                                       Deputy Assistant Attorney General
                                       Torts Branch

---

[3] Dismissal would be consistent with the numerous cases dismissing defamation claims against Members of Congress on similar FTCA grounds.  *See* Opp'n to Mot. to Strike at 8–10, 11 n.3 (ECF No. 26) (citing cases).

_s/ Stephen R. Terrell_
STEPHEN R. TERRELL (CA Bar No. 210004)
Attorney
U.S. Department of Justice
Civil Division, Torts Branch
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044
Tel:    (202) 353-1651
Fax:    (202) 616-5200
Stephen.Terrell2@usdoj.gov

_Attorneys for Defendant United States of America_